UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DANIEL CORTEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-05-125 |
| | § | |
| FRANK'S CASING CREW & RENTAL TOOLS, et al, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the Court are the following motions: (1) Defendants Chesapeake Operating, Inc. and Frank's Casing Crew & Rental Tools, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #55-1); (2) Defendant E. L. Farmer & Company, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #71); and (3) Plaintiff's Motion to Dismiss Defendants Novasad Enterprises, Inc., E. L. Farmer & Company, Bassler Base and Services, Inc. & Lehoski Welding (Dkt. #78).  The Court, having reviewed the motions and the relevant law, is of the opinion that (1) Defendants Chesapeake Operating, Inc. and Frank's Casing Crew & Rental tools, Inc.'s motion to dismiss should be DENIED; (2) Defendant E. L. Farmer & Company, Inc.'s motion to dismiss should be DENIED; (3) and Plaintiff's motion to dismiss should be GRANTED.

**Procedural History**

On December 23, 2005, Daniel Cortez ("Cortez") filed his original complaint in the United States District Court for the Southern District of Texas, Victoria Division. (Dkt. #1). Cortez alleged state law negligence claims and based jurisdiction on diversity of citizenship.

1

Accordingly, two diverse defendants were named: (1) Frank's Casing Crew & Rental Tools, Inc. ("Frank's"); and (2) Chesapeake Energy Marketing, Inc. ("Chesapeake"). On March 3, 2006, Cortez filed Plaintiff's First Amended Original Complaint. (Dkt. #17). Frank's and Chesapeake remained as the only named defendants therein.

On May 5, 2006, Cortez filed Plaintiff's Motion to Enlarge Time (Dkt. #18) in contemplation of joining additional defendants. (Dkt. #18). By the time of filing, Cortez had obtained a "vendor list" from Chesapeake listing several possible "target" defendants. (Dkt. #79 at 2). Frank's and Chesapeake did not oppose the motion, and the Court granted it on June 22, 2006. (Dkt. #19).

On July 3, 2006, Cortez filed Plaintiff's Second Amended Original Complaint ("Second Amended Complaint"). (Dkt. #21). This complaint named twelve additional defendants. Six of these new defendants were domestic corporations or domestic companies.[1] Cortez has claimed that he added these defendants because he was "unable to eliminate any of the companies listed on the vendor list as target defendants prior to the Court's deadline to join additional parties." (Dkt. #79 at 2).

The Second Amended Complaint presently functions as the operative complaint before the Court. Nonetheless, Cortez continues to maintain that diversity of citizenship is his only basis for jurisdiction.

## Discussion

---

[1] These defendants include: (1) Bobby Lehmann, Inc.; (2) Novosad Enterprises, Inc.; (3) E.L. Farmer & Company; (4) Bassler Base and Services, Inc.; (5) J.H. Walker, Inc.; and (6) Lehoski Welding. Cortez concedes that these parties are domestic entities for the purposes of diversity jurisdiction. (Dkt. #21 at 2-3).

Defendants Frank's, Chesapeake and E. L. Farmer & Company, Inc. ("Farmer") argue that this action should be dismissed because Cortez destroyed diversity jurisdiction when he joined non-diverse defendants in the Second Amended Complaint. Cortez responds, claiming that dismissal of all non-diverse parties is proper and cures all jurisdictional defects. According to Cortez, he is now able to "eliminate eight of the additional 12 defendants, including the six domestic corporations, as target defendants via discovery and informal discussions." (Dkt. # 79). Defendants have not responded to Cortez's motion to dismiss.

"Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship." *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978). However, Rule 21 of the Federal Rules of Civil Procedure permits district courts to dismiss non-diverse parties who are not indispensable so long as it does not prejudice any of the parties.[2] *Newman-Green, Inc. v. Alfonzo-Larrain, et al.*, 490 U.S. 826, 832, 838 (1989). Furthermore, joint tortfeasors are generally treated as not indispensable parties. *Nottingham v. General American Communications Corp.,* 811 F.2d 873, 880 (5th Cir. 1987); *Overson v. Berryman*, 461 F.Supp.2d 537, 2006 WL 3345264, *1 (E.D. Tex. 2006) (citing *Highland Capital Management L.P. v. Schneider, et al.*, 198 Fed. Appx. 41, 2006 WL 2382917, *2 (2d Cir. 2006)).

Upon examination of the facts and circumstances of this case, it is clear that all non-diverse parties named in the Second Amended Complaint are not indispensable and their

---

[2] The case at bar reminds the Court of *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999). In *Cobb,* the Fifth Circuit held that 28 U.S.C. § 1447 requires the remand of a removed case if non-diverse parties are joined post-removal. *Id.* at 677. Because the present case was initially brought in District Court, *Cobb* does not apply.

dismissal does not prejudice any of the parties. Cortez's theory of liability is based on Texas negligence law. He does not state any Federal claims. Cortez accuses all named defendants of being joint tortfeasors. Because these parties are accused of being joint tortfeasors, prevailing law treats them as not indispensable parties. This finding is consistent with Federal Rule of Civil Procedure 19(b), which outlines factors for determining if a party is indispensable. In this case, if the non-diverse Defendants are dismissed, it does not prejudice the Plaintiff because he has chosen his forum and he is entitled to choose who he wishes to sue. The remaining Defendants are not prejudiced because state law remedies are available at their disposal. Furthermore, Defendants have not opposed Plaintiff's motion to dismiss all non-diverse parties. Accordingly, Plaintiff's motion to dismiss is GRANTED, Frank's and Chesapeake's motion to dismiss is DENIED and Farmer's motion to dismiss is DENIED.

    It is so ORDERED.

    Signed this 31st day of January, 2007.

                                                              JOHN D. RAINEY
                                              UNITED STATES DISTRICT JUDGE