UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DANIEL CORTEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-05-125 |
| | § | |
| FRANK'S CASING CREW & RENTAL TOOLS, et al, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the Court is Defendants Frank's Casing Crew & Rental Tools, Inc. and Chesapeake Operating, Inc.'s Motion for Leave to Designate Responsible Third-Party (Dkt. #35-1). After considering the motion, response, reply and applicable law, the Court is of the opinion that the motion should be GRANTED.

The issue squarely before the Court is whether a known entity may be designated as a "responsible third party" pursuant to § 33.004 of the Texas Civil Practice and Remedies Code in a federal diversity case. Frank's Casing Crew & Rental Tools, Inc. ("Frank's") and Chesapeake Operating, Inc. ("Chesapeake"), who are joined by Acme Truck Line, Inc. (Dkt. #37-1) and Washita Valley Enterprises, Inc. (Dkt. #77-1) via Federal Rule of Civil Procedure 10, seek to designate Trinidad Drilling, Ltd. ("Trinidad") as a responsible third party in contemplation of apportioning fault to that entity. These parties maintain that Trinidad employed Plaintiff Daniel Cortez ("Cortez") at the time of his alleged personal injury and is partly or fully at fault. Cortez argues that Trinidad should not be designated as a responsible third party because § 33.004 conflicts with Federal Rule of Civil Procedure 14.

Section 33.004 of the Texas Civil Practice and Remedies Code in the relevant part provides:

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

(b) Nothing in this section affects the third-party practice as previously recognized in the rules and statutes of this state with regard to the assertion by a defendant of rights to contribution or indemnity. Nothing in this section affects the filing of cross-claims or counterclaims.

. . . .

(e) If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the motion is served.

(g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:

> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

(h) By granting a motion to leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

(i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:

> (1) does not by itself impose liability on the person; and

>    (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

Section 33.011(6) of the Texas Civil Practice and Remedies Code provides:

> "Responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. The term "responsible third party" does not include a seller eligible for indemnity under Section 82.002.

Several district courts have interpreted this statutory language and concluded that the designation of a responsible third party under § 33.004 does not conflict with Federal Rule of Civil Procedure 14. *Werner v. KPMG LLP*, 415 F.Supp.2d 688, 703 (S.D. Tex. 2006); *Bueno v. Cott Beverages, Inc.*, No. Civ. A. SA04-CA24XR, 2005 WL 647026, *2 (W.D. Tex. Feb. 8, 2005); *see Alvarez v. Toyota Motor Corp.*, No. 3:06-CV-0340-D, 2006 WL 1522999 (N.D. Tex. May 8, 2006). This Court, after examining the relevant statutory language, finds the reasoning presented in these cases to be persuasive.[1] Under Rule 14, parties may be formally joined, thereby becoming named

---

[1] The Court finds Cortez's argument against the application of § 33.004 to be without merit. Cortez primarily relies on two district court cases to support his proposition that § 33.004 does not apply in federal diversity cases. Neither of these cases are presently applicable.

In the first of these two cases, *Marella v. Autozone, Inc.*, No. 3:04-CV-1157-H (N.D. Tex. Dec. 10, 2004), § 33.004 was not applied in a "slip and fall" case because the provision was found to conflict with Rule 14. In arriving at this conclusion, the *Marella* court relied on *Kelley v. Wal-Mart Stores, Inc.*, 224 F.Supp.2d 1082 (E.D. Tex. 2002). *Kelley* interpreted and applied § 33.004 before the statute was amended in 2003. 224 F.Supp.2d at 1084. Amendments made in 2003 significantly altered the operation of § 33.004. Notably, the 2003 amendments changed § 33.004 from a provision that involved third party practice to a provision that merely permitted the designation of certain parties, thereby eliminating conflict with Rule 14. *Bueno v. Cott Beverages, Inc.*, No. Civ. A. SA04-CA24XR, 2005 WL 647026, *2 (W.D. Tex. Feb. 8, 2005). Therefore, *Marella* appears to apply § 33.004 in its pre-amendment form. This is further supported by the *Marella* court's reliance on and citation of a pre-amendment version of § 33.011(6). Because this court must a apply § 33.004 as it is presently enacted, *Marella* is inapplicable to the case at bar.

parties subject to liability.  Under § 33.004, however, responsible third parties are not formally joined.  *Werner v. KPMG LLP*, 415 F.Supp.2d 688, 703 (S.D. Tex. 2006) (citing *Bueno v. Cott Beverages, Inc.*, No. Civ. A. SA04-CA24XR, 2005 WL 647026, *2 (W.D. Tex. Feb. 8, 2005)).  Instead, § 33.004 provides a mechanism to designate responsible third parties who then may be apportioned fault.  The designation of responsible third parties "does not by itself" impose liability on these third parties and "may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the [third party]."  TEX. CIV. PRAC. & REM. CODE § 33.004(i).  In fact, entities that are not subject to any legal liability may be designated as responsible third parties.  TEX. CIV. PRAC. & REM. CODE § 33.011(6).  One commentator has gone so far as to say the following:

> In Texas tort law, the "responsible third party" is anything but.  He is not really a "party," and he is not really "responsible."  He has but one reason to exist: that is, to allow a liable defendant to avoid joint and several liability.

David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 870 (2005) (footnotes omitted).  Accordingly, the Court finds that § 33.004, in the relevant part, does not conflict with Federal Rule of Civil Procedure 14.

In the present case, Defendants have followed the proper procedure to designate Trinidad as a responsible third party.  Frank's and Chesapeake filed their motion to designate Trinidad on September 26, 2006 (Dkt. #35-1), which is more than 60 days in advance of the May 2007 trial date

---

The second case cited by Cortez, *Bigelow v. New York Lighter Co., Inc.*, No. A-03-CA-340 LY (W.D. Tex. Nov. 25, 2003), is also inapplicable because it, too, relies on *Kelley*.  Once again, reliance on *Kelley* demonstrates that a pre-amendment version of § 33.004 is being interpreted.  This is further supported by the *Bigelow* court's analogy of its rationale to the rationale presented in two cases interpreting state law interpleader provisions, to wit, *Kearney v. Phillips Indus., Inc.*, 708 F.Supp. 479 (D. Conn. 1987) and *Yanick v. Pennsylvania Railroad Co.*, 192 F.Supp. 368, 370 (E.D.N.Y. 1961).

set by the Court (Dkt. #12). Furthermore, Frank's and Chesapeake's motion alleges that: (1) Plaintiff Daniel Cortez ("Cortez") was injured while working for Trinidad; (2) other Trinidad employees were involved in Cortez's injury; (3) Trinidad failed to properly instruct Cortez about his work related positioning; and (4) Trinidad is responsible for all or a proportionate part of Cortez's alleged injuries. (Dkt. #35-1). The Court finds that these alleged facts are sufficient to permit Defendants to designate Trinidad as a responsible third party under § 33.004. Accordingly, Defendants Frank's Casing Crew & Rental Tools, Inc. and Chesapeake Operating, Inc.'s Motion for Leave to Designate Responsible Third-Party (Dkt. #35-1) is hereby GRANTED.

It is so ORDERED.

Signed this 2nd day of February, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE